IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **KRISTI M. JOHNSON** | § | |
| **Plaintiff,** | § | |
| | § | CASE NO. _____ |
| vs. | § | **JURY TRIAL REQUESTED** |
| | § | |
| **TITAN FACTORY DIRECT HOMES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

NOW COMES, **KRISTI M. JOHNSON**, Plaintiff herein, and for cause of action against Defendants, **TITAN FACTORY DIRECT HOMES, INC.,** and would show unto the Court as follows:

### I. PARTIES

1. Plaintiff, KRISTI M. JOHNSON is an individual, and currently resides in Tyler, Smith County, Texas.

2. Defendant, **TITAN FACTORY DIRECT HOMES, INC.,** herein referred to as TITAN, is a Delaware corporation authorized to do and doing business in the State of Texas with its principal place of business at 755 West Big Beaver Road, Suite 1000, Troy, MI 48084, and may be served with process by serving its registered agent C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### II. JURISDICTION

3. This Court has jurisdiction based on 28 U.S.C. §1331 because this claim arises under the laws of the United States. Specifically, Plaintiff's claim is based on Title VII of the Civil Rights Act of 1964.

### III. VENUE

4. Venue is proper in this District under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this State. Furthermore, venue is proper in the Southern District of Texas because a substantial part of the events and omissions giving rise to the claim occurred in the Southern District of Texas. During the time of her employment with TITAN, Plaintiff worked out of TITAN'S offices located in Victoria County, Texas at 5402 Houston Highway, Victoria, Texas 77901.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of right to sue is attached as Exhibit A.

### V. SEXUAL HARASSMENT UNDER TITLE VII

6. Plaintiff is a female employee protected under Title VII. Ms. Johnson began working for TITAN on January 15, 2015 as a sales person at the Defendant's location in Victoria, Texas. Defendant TITAN is a retailer of manufactured homes in Texas.

7. Defendant TITAN is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar years.

8. During the relevant time period CHRISTOPHER MILLIGAN, herein referred to as MILLIGAN, Plaintiff's supervisor, was employed by Defendant TITAN as the General Manager at the Victoria location.

9. MILLIGAN, Plaintiff's supervisor, was empowered by Defendant TITAN to take

tangible employment actions against Plaintiff. MILLIGAN had the authority to fire Plaintiff, the authority to reassign Plaintiff to a position with significantly different responsibilities, the authority to significantly alter Plaintiff's benefits. Furthermore, MILLIGAN sexually assaulted Plaintiff and engaged in quid pro quo discrimination against Plaintiff.

10. Plaintiff KRISTI M. JOHNSON specifically alleges she was subject to a sexually hostile work environment in that:

   a. She was a member of a protected class in that she was female;

   b. She was subjected to unwelcome harassment;

   c. The harassment was based on her membership in the protected class;

   d. The harassment affected the terms, conditions and privileges of her employment; and

   e. Defendant knew or should have known of the harassment but failed to take prompt remedial action.

11. Plaintiff KRISTI M. JOHNSON further alleges that she was illegally retaliated against in that:

   a. She engaged in activity protected under The Texas Commission on Human Rights Act and Title VII;

   b. She was transferred and demoted; and

   c. A causal link exists between the protected activity and the adverse employment action.

12. Finally, KRISTI M. JOHNSON asserts she was discriminated against because she was female in that:

   a. She was qualified for the position from which she was transferred and demoted;

    b.    Her employer's articulated reasons for adverse actions were a pretext for discrimination;

    c.    Other male employees who were similarly situated were treated differently.

13.    Defendant intentionally discriminated against Plaintiff in violation of Title VII by subjecting Plaintiff to quid pro quo sexual harassment. Specifically, MILLIGAN had a sexual relationship with Plaintiff. When Plaintiff tried to assert herself, MILLIGAN subjected Plaintiff to harassment consisting of manipulation, throwing temper tantrums by throwing items in the office, sexual harassment and threats of discharge.

14.    MILLIGAN created a sexually hostile work environment through his discriminatory words and actions towards Plaintiff. This conduct was so severe that it altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and offensive work environment.

15.    Defendant TITAN is directly liable because it was negligent in discovering and remedying the discriminatory conduct. Plaintiff was discriminated against because of her sex and because of her complaints of sexual discrimination/harassment.

16.    Defendant TITAN is vicariously liable for MILLIGAN's discriminatory conduct. Defendant TITAN did not exercise reasonable care to prevent and promptly correct the discriminatory conduct, even though Defendant had actual notice of MILLIGAN's discriminatory conduct.

17.    After learning of the sexual harassment by MILLIGAN, Defendant TITAN did not protect Plaintiff from retaliation and a hostile work environment. Further, Defendant TITAN retaliated against Plaintiff for filing a claim for sexual harassment and retaliation by demoting Plaintiff, affecting her wages and ability to perform her job; therefore, Plaintiff felt she had no

choice but to resign from her employment on September 18, 2016.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. During the Plaintiff's employment with TITAN the Defendants and their employees made statements and engaged in other conduct that was outrageous and beyond all possible bounds of decency, causing Plaintiffs extreme emotional distress. Plaintiff is entitled to compensation for such distress.

## VII.

19. As a direct and proximate result of Defendants' acts and omissions alleged in this petition, Plaintiff suffered extreme and severe emotional distress that resulted in physical manifestations.

## VIII. ASSAULT/BATTERY AND NEGLIGENT HIRING AND SUPERVISION

20. In approximately April 2015, MILLIGAN sexually assaulted KRISTI M. JOHNSON. This sexual assault was unwelcome and offensive to Ms. Johnson. As a result of this conduct Ms. Johnson has endured shame, embarrassment, mental anguish and emotional distress for which she now seeks damages.

21. At the time MILLIGAN was hired by Defendant TITAN, MILLIGAN had an extensive criminal history that included felonies and crimes against moral turpitude. TITAN was negligent in employing and supervising MILLIGAN and placing him in a position of authority as a General Manager. Defendant TITAN has a duty to its employees to protect them and to provide a safe work environment. Defendant TITAN knew or should have known, prior to MILLIGAN's assault on KRISTI M. JOHNSON and other outrageous conduct, that he was unfit for a position that required him to work with and around women. Defendant TITAN was negligent, reckless and grossly negligent in screening, hiring, retaining, and supervising

MILLIGAN as an employee and placing him in a position of authority as a General Manager.

## IX. DAMAGES

22.　As a direct and proximate result of the Defendant's aforementioned acts, omissions and conduct, Plaintiff suffered a loss of earning capacity in the past which will in all likelihood continue in the future for an indefinite period of time. As a direct and proximate result of Defendant's aforementioned acts, omissions and conduct, Plaintiff has had and continues to suffer humiliation, shame, embarrassment, loss of self-esteem, loss of self-confidence, anxiety, sleeplessness, worry, fear, severe mental anguish and emotional distress; and in all likelihood Plaintiff will continue to suffer in such manner for an indefinite period of time in the future. Plaintiff also seeks the following damages:

　　a.　Back pay including wages, salary, overtime, cost of living increases, bonuses, merit increases, and any other monetary compensation which Plaintiff would have received had she not suffered sexual harassment and retaliation.

　　b.　Fringe benefits including vacation pay, pension, retirement, medical insurance, life insurance, and any other benefit to which Plaintiff would have been entitled had she not suffered sexual harassment and retaliation.

　　c.　Front pay, including any future income or benefits Plaintiff would have received had she not suffered sexual harassment and retaliation.

　　d.　Compensatory damages.

　　e.　Punitive damages.

## X.

23.　The above-described conduct by the Defendant was intentional, willful, grossly negligent, and with malice. Specifically (1) the Defendants acted with a specific intent to cause

substantial injury to Plaintiff, and (2) the Defendants' conduct, when viewed objectively from the standpoint of the Defendants at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff, and the Defendants proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff despite the Defendants' actual, subjective awareness of the risk involved.  Plaintiff therefore seeks punitive damages in accordance with Chapter 41 of the Civil Practice and Remedies Code.

## XI.  ATTORNEY FEES & COSTS

24.  Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## XII.

25.  For these reasons, Plaintiff asks for judgment against Defendants, jointly and severally, for the following:

   a.  judgment against Defendants, jointly and severally, for Plaintiffs' damages as set forth above, in an amount in excess of the minimum jurisdictional limits of this Court;

   b.  attorneys' fees;

   c.  exemplary damages;

   d.  interest on said judgment at the legal rate from date of judgment;

   e.  pre-judgment interest as allowed by law;

   f.  costs of Court; and

   g.  all other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Will Sciba III*

WILLIAM "WILL" L. SCIBA, III
Federal I.D. 19044
State Bar No. 00792824
wsciba@colefirmservice.com
Attorney in Charge
**COLE, COLE, EASLEY & SCIBA, P.C.**
302 West Forrest Street
Victoria, Texas 77901
Telephone:  (361) 575-0551
Facsimile:  (361) 575-0986

Please be advised that the **only** valid e-mail address for service of all documents in all matters handled by attorney Will Sciba, III is:  wsciba@colefirmservice.com.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**